UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| KENNETH D. VAUGHN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:09-CV-449 JD |
| | ) | |
| BILL WILSON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Kenneth Vaughn, a prisoner currently confined at the Wabash Valley Correctional Facility, filed a *pro se* complaint, pursuant to 42 U.S.C. § 1983, against Westville Correctional Facility ("WCF") officials dealing with events that occurred while he was housed there [DE 1]. He subsequently filed an amended complaint, which the Court screened pursuant to 28 U.S.C. § 1915A. The Screening Order dismissed several claims and defendants, and allowed Vaughn to proceed against Defendants Bill Wilson,[1] Sharon Hawk, Mrs. Cole, Mr. Pomeroy, Mr. Brennon, Officer White, Officer Gonzalaz, and Officer Parker [DE 17].[2] Vaughn has now filed a second amended complaint renaming the defendants who survived screening and Mrs. Mapps, who was dismissed by the original screening order [DE 37 at 2].

This matter is before the Court pursuant to its statutory screening obligation *See* 28

---

[1] The screening order allowed the Plaintiff to proceed against WCF Superintendent Wilson on the complaint's injunctive relief claims but dismissed the personal capacity damage claims against him "with leave to the Plaintiff to amend his complaint at a later date to state with specificity what unconstitutional polices Defendant Wilson may have established that harmed the Plaintiff." [DE 17 at 18].

[2] In his second amended complaint Vaughn asserts that "Defendant Parker violated the plaintiff['s] rights under the 8th Amendment . . ." [DE 4 at 5, ¶ D]. Because he only discussed an Officer Park throughout his amended complaint and submitted a summons for Officer Park, the Court construed the claim as being against Officer Park, not Officer Parker. The second amended complaint again seeks to name Parker as a defendant.

U.S.C. § 1915A, pursuant to which the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). Courts apply the same standard under § 1915A as when addressing a motion under Fed. R. Civ. P. 12(b)(6), which provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). More specifically, the United States Supreme Court has articulated the factual allegations that are required to survive dismissal:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and punctuation omitted). A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Id*. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).

The Court must accept as true all well-pleaded facts and draw all permissible inferences in the Plaintiff's favor. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995). However, the Court need not accept as true "[t]hreadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Ashcroft*, 129 S.Ct. at 1949. Legal conclusions can provide a complaint's framework, but unless well-pleaded factual allegations

2

move the claims from conceivable to plausible, they are insufficient to state a claim. *Id.* at 1950-51. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Id.* at 1950.

A plaintiff can also plead himself out of court if he pleads facts that preclude relief. *See Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007) (citing *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006)). A plaintiff "pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008) (citation omitted). The Court must review a *pro se* plaintiff's complaint more liberally than it would one that was drafted by a trained attorney. *See Erickson v.Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

The Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Burrell v. City of Mattoon*, 378 F.3d 642, 646-47 (7th Cir. 2004). To state a claim under § 1983, a plaintiff must allege the violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42, 48 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

Vaughn's second amended complaint closely tracks the amended complaint, repleading

facts recited there dealing with the claims that survived screening. The principal difference between the two amended complaints is that in his second amended complaint, Vaughn alleges facts stating with more specificity what policies he believes Defendant Wilson established that harmed him.

When it screened Vaughn's amended complaint, the Court granted:

> . . . the Plaintiff leave to proceed on the following:
> (a) The Fourteenth Amendment Due Process claim for damages against Defendants Pomeroy, Hawk, and Brennon, in their individual capacities, regarding Plaintiff's placement in segregation;
> (b) The Eighth Amendment claim for damages against Defendants Cole, Park, White, and Gonzalaz, in their individual capacities, for their failure to provide any alternatives to keep warm even though Plaintiff's cell was very cold;
> (c) The First Amendment retaliation claim for damages against Officers White and Gonzalaz, in their individual capacities, based on their threats and harassment to keep Plaintiff from filing legal claims/grievances and on his First Amendment claim against them for going through his legal mail and damaging his legal mail; and
> (d) The injunctive relief claim against Superintendent Bill Wilson, in his official capacity, relative to Plaintiff's request to be released from segregation and returned to general population[.]

DE 17 at 18.

Because the second amended complaint reiterates the facts asserted in the amended complaint, and reasserts his First, Eighth, and Fourteenth Amendment claims, the Court will reaffirm its decision to allow him to proceed against defendants Pomeroy, Hawk, and Brennon in their individual capacities on his Fourteenth Amendment claim regarding his placement in segregation; its decision to allow him to proceed against Defendants Cole, Park, White, and Gonzales in their individual capacities for their failure to provide any alternatives to keep warm even though Plaintiff's cell was very cold; and its decision to allow him to proceed against Officers White and Gonzalez in their individual capacities on his claims regarding based on

4

their threats and harassment to keep Plaintiff from filing legal claims/grievances and for going through his legal mail and damaging his legal mail. The Court also reaffirms its decision to dismiss Mrs. Mapps from this action for failure to state a claim against her.

Regarding the individual capacity claims against Superintendent Wilson, the second amended complaint alleges that Vaughn believes that the policy that led to him being placed in disciplinary segregation without due process was promulgated by the superintendent, and that he also established the policy that resulted in the conditions Vaughn suffered in the segregation unit [DE 37 at 4]. "Fed. R. Civ. P. 8 establishes a system of notice pleading," and a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998), quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Giving Vaughn the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that he can prove no set of facts in support of his claims that Superintendent Wilson was involved in his Eighth and Fourteenth Amendment claims.

Regarding the official capacity claims against Superintendent Wilson, the docket reveals that since the court screened the amended complaint Vaughn has been transferred to the Wabash Valley Correctional Facility [DE 47], where he is now housed. In its original screening order, the Court allowed Vaughn to proceed against Supt. Wilson in his official capacity on his request to be released from segregation and returned to general population at the Westville Correctional Facility. But now, because he is no longer at the WCF, he is obviously not in a segregation unit at that facility.

"Past exposure to illegal conduct does not in itself show a present case or controversy

regarding injunctive relief . . . unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974). If a prisoner is transferred from one prison to another, "his request for injunctive relief against officials of the first prison is moot unless 'he can demonstrate that he is likely to be retransferred.'" *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996), quoting *Moore v. Thieret*, 862 F.2d 148, 150 (7th Cir. 1988). It is possible that Vaughn could at some point in the future return to the WCF, but the mere possibility that this might occur is insufficient. The standard to be applied here is whether he is "likely to be retransferred," and there is no reasonable basis that he is "likely to be retransferred" to the WCF and be placed in segregation there based on the events he complains of in this case. Accordingly, the Court will dismiss the injunctive relief claims as moot.

For the foregoing reasons, the Court:

(1) GRANTS the Plaintiff leave to proceed on the following claims from his second amended complaint:

    (a) The Fourteenth Amendment due process claim for damages against Defendants Wilson, Pomeroy, Hawk, and Brennon, in their individual capacities, regarding Plaintiff's placement in segregation;

    (b) The Eighth Amendment claim for damages against Defendants Wilson, Cole, Park, White, and Gonzalaz, in their individual capacities, for their failure to provide any alternatives to keep warm even though Plaintiff's cell was very cold; and

    (c) The First Amendment retaliation claim for damages against Officers White and Gonzalaz, in their individual capacities, based on their threats and harassment to keep Plaintiff from filing legal claims/grievances and on his First Amendment claim

6

against them for going through his legal mail and damaging his legal mail;

(2) DISMISSES, pursuant to 28 U.S.C. § 1915(b), all other claims and Defendants;

(3) LIFTS the stay in this case; and

(4) Pursuant to 42 U.S.C. § 1997e(g)(2), ORDERS that the Defendants respond to the second amended complaint, as provided for in the Federal Rules of Civil Procedure, by March 31, 2011.

 SO ORDERED.

 ENTERED: February 16, 2011

           /s/ JON E. DEGUILIO
         Judge
         United States District Court