UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KENNETH D. VAUGHN, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CAUSE NO. 3:09cv449 JD |
| | ) |
| BILL WILSON, Superintendent, *et al.*, | ) |
| | ) |
| Defendants | ) |

## OPINION AND ORDER

Kenneth Vaughn, a prisoner currently confined at the Wabash Valley Correctional Facility, filed a *pro se* complaint, pursuant to 42 U.S.C. § 1983, against Westville Correctional Facility ("WCF") officials dealing with events that occurred while he was housed there. This case is before the Court on Vaughn's second amended complaint. When it screened his second amended complaint pursuant to 28 U.S.C. § 1915A, the Court allowed Vaughn to proceed on a Fourteenth Amendment due process claim against Defendants Bill Wilson, Mr. Pomeroy, Sharon Hawk, and Mr. Brennon, regarding his placement in disciplinary segregation; on an Eighth Amendment claim against Defendants Wilson, Mrs. Cole, Officer Park, Officer White, and Officer Gonzalaz, alleging that they refused to give him bedding and warm clothing from his property even though his cell was cold; and against Officers White and Gonzalaz on a retaliation claim asserting that they threatened and harassed him to keep him from filing legal claims and grievances, and on a First Amendment claim asserting that they went through his legal mail and damaged it [DE 54 at 6].

The Defendants have moved for summary judgment, pursuant to FED. R. CIV. P. 56, on the question of whether Vaughn exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a); Vaughn has responded. The standard for reviewing a summary judgment motion is the

same regardless of whether a party is represented by counsel. *Outlaw v. Newkirk*, 259 F.3d 833, 836-837 (7th Cir. 2001).

> [T]he plain language of [FED. R. CIV. P.] 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

*Celotex v. Catrett*, 477 U.S. 317, 322-23 (1986).

> At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a "genuine" dispute as to those facts. As we have emphasized, when the moving party has carried its burden under Rule 56(c) its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial." The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.

*Scott v. Harris*, 550 U.S. 372, 380 (2007) (citations, quotation marks, ellipsis omitted).

Pursuant to 42 U.S.C. § 1997e(a), prisoners must utilize any available prison grievance procedure before they may file a § 1983 claim regarding conditions of confinement. *Booth v. Churner*, 532 U.S. 731, 731-2 (2001); *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 537 (7th Cir. 1999). "Exhaustion of administrative remedies, as required by § 1997e, is a condition precedent to suit. Section 1997e applies to 'all inmate suits, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other

2

wrong.'" *Dixon v. Page*, 291 F.3d 485, 488 (7th Cir. 2002), quoting *Porter v. Nussle*, 534 U.S. 516, 122 (2002). Although not depriving the courts of subject-matter jurisdiction, the comprehensive administrative exhaustion requirement requires dismissal of any case in which an available administrative remedy has not been exhausted. *Massey v. Wheeler,* 221 F.3d 1030, 1034 (7th Cir. 2000). "*All* dismissals under § 1997e(a) should be without prejudice." *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (emphasis in original).

In support of their summary judgment motion, the Defendants submit the declaration of WCF Grievance Specialist Timothy Bean, copies of the four grievances Vaughn filed between July 27, and November 12, 2009, and WCF officials' responses to those grievances. Vaughn responds with his own declaration, in which he asserts that he did file grievances and states that "I send along with this motion proof of the plaintiff filing grievances on these matters" [DE 76 at 2]. Documents pertaining to one of the grievances referred to by Mr. Bean in his declaration are attached to Vaughn's declaration. The Defendants filed a reply to the Plaintiff's response, arguing that the "Plaintiff failed to follow the applicable rules for responding to the Defendants' Motion for Summary Judgment" because he only submitted a declaration and attachments [DE 79 at 1], and because he did not file a responsive brief setting forth disputed facts [DE 79 at 2]. This Court does not hold *pro se* litigants to the strict adherence of technical rules regarding the format of a response to summary judgment motions, and therefore will consider the Plaintiff's declaration in determining whether summary judgment is appropriate.

Vaughn's declaration addresses the merits of his claims as well as the question of whether he grieved the issues that form the basis for this action [DE 76 at 2-7]. He "request[s] that a summary judgment on the matters that the plaintiff did grieve be rendered in the plaintiff's favor"

3

on the merits [DE 76 at 2]. But "[t]he court must not proceed to render a substantive decision until it has first considered § 1997e(a). The statute gives prisons and their officials a valuable entitlement — the right *not* to face a decision on the merits — which the courts must respect if a defendant chooses to invoke it." *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d at 536 (emphasis in original). Where exhaustion has been raised as a defense, issues relating to exhaustion are to be resolved by the court before proceeding to the merits. *Pavey v. Conley*, 544 F.3d 739, 741 (7th Cir. 2008), *cert denied* ___ U.S. ___, 129 S.Ct. 1620, 173 L.Ed.2d 995 (2009).

## RELEVANT FACTS NOT IN DISPUTE

According to the amended complaint, Vaughn was on disciplinary segregation between July 27 and November 12, 2009, and again between August 24 and September 27, 2010 [DE 37 at 4]. The parties' submissions establish that Vaughn filed four grievances at the WCF during the period he was in disciplinary segregation in 2009 [DE 72-2], and that the facility received no grievances from him between August 24 and September 27, 2010 [DE 72-1 at ¶ 16].

The grievances Vaughn filed while he was in disciplinary segregation in 2009 include grievance number 53582 [DE 72-2 at 2], dated September 29, 2009, complaining about being placed in disciplinary segregation rather than administrative segregation; grievance number 53598 [DE 72-2 at 4], dated September 28, 2009, grieving the denial of clothing, bedding and hygiene items from his property; grievance number 53595 [DE 72-2 at 6], dated October 15, 2009, complaining about not being given ear drops; and grievance number 54377 [DE 72-2 at 8], dated October 31, 2009, complaining about being in disciplinary segregation instead of an administrative segregation unit. Prison officials responded to each of these grievances [DE 72-2 at 1, 3, 5, and 7].

## FIRST AMENDMENT AND RETALIATION CLAIMS

Vaughn brings a retaliation claim against Officers White and Gonzalaz, alleging that they threatened and harassed him to deter him from filing legal claims and grievances, and a First Amendment claim against them for going through and damaging his legal mail. The Defendants assert that Vaughn has not exhausted his administrative remedies on these claims because he did not file a grievance dealing with them.

None of the four grievances the Defendants submitted to the Court address threats and harassment by Officers White and Gonzalaz, or assert that they went through his legal mail or damaged his legal mail. Vaughn does not assert in his declaration in opposition to Defendants' motion for summary judgment that he filed a grievance directed at these claims, and none of the grievance materials he attached to his declaration address threats and harassment by Officers White and Gonzalaz, or assert that these officers went through his legal mail or damaged his legal mail. Because the record before the Court establishes that Vaughn did not attempt to exhaust his administrative remedies on his First Amendment claim or his retaliation claim against Officers White and Gonzalaz, these claims must be dismissed pursuant to 42 U.S.C. § 1997e(a).

## CLAIMS REGARDING PLACEMENT IN SEGREGATION AND DENIAL OF WARM CLOTHING

Vaughn brings a Fourteenth Amendment claim against Defendants Wilson, Pomeroy, Hawk, and Brennon, alleging that they placed him in disciplinary segregation without due process. He filed two grievances addressing this claim: grievance 53582 [DE 72-2 at 2], and grievance 54377 [DE 72-2 at 8]. Vaughn brings an Eighth Amendment claim against Defendants Wilson, Cole, Park, White, and Gonzalaz for not providing him clothing, bedding, and other items from his property that would have helped him to keep warm in his cell. He filed one grievance addressing this claim, grievance 53598 [DE 72-2 at 4]. Vaughn's fourth grievance, number 53895 [DE 72-2 at 6], dealt with his

5

request for ear drops to reduce ear wax buildup, a claim that was dismissed on the merits at the screening stage [DE 17 at 8-9].

The Defendants assert that they are entitled to summary judgment on Vaughn's Eighth and Fourteenth Amendment claims because he brought his action prior to filing his grievances, and therefore had not exhausted his grievance remedies prior to bringing this action. Alternatively, they argue that he did not exhaust his administrative remedies because all of his grievances were reviewed at the facility level but that he did not pursue appeals to the next level.

Vaughn filed grievances addressing his claim related to being placed in disciplinary segregation on September 29, 2009 [DE 72-2 at 2], and October 31, 2009 [DE 72-2 at 8]. He filed his grievance directed at denial of warm clothing and bedding on September 28, 2009 [DE 72-2 at 4]. His § 1983 complaint was received by the clerk of this Court on September 25, 2009, and was signed by him on September 24, 2009 [DE 1 at 6].

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) provides that:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

"Exhaustion of administrative remedies, as required by § 1997e, is a condition precedent to suit" *Dixon v. Page*, 291 F.3d at 488, and "[a] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d at 535. "[A]n action is 'brought' for purposes of § 1997e(a) when the complaint is tendered to the district clerk." *Ford v. Johnson*, 362 F.3d at 400. Even where an action is brought after a prisoner has filed a grievance but before he has exhausted his grievances,

his complaint is premature. *Id.* at 399-400.

The "mailbox" rule established in *Houston v. Lack*, 487 U.S. 266 (1988), under which a prisoner's submissions to the court are to be deemed as "filed" on the date they are delivered to prison authorities for forwarding to the district court, applies to the initial filing of complaints with the court. *Cooper v. Brookshire*, 70 F.3d 377 (5th Cir. 1995). This Court normally accepts the date a prisoner signs his complaint as the date he delivered it to prison officials for mailing because a complaint is clearly still in the prisoner's possession the day he signs it, and it cannot have been submitted for mailing before that date. For the purposes of this memorandum, the Court will consider Vaughn's action to have been brought on September 24, 2009, the date he signed it. In any event, both the date Vaughn signed his complaint and the date it was received by the clerk of this court predate any of the grievances Vaughn submitted them to prison officials.

The record establishes that Vaughn brought this action by tendering his complaint to the clerk of this court on September 24, 2009, before he filed any of the grievances dealing with his claims that WCF officials denied him due process when they placed him in disciplinary segregation or that they subjected him to cruel and unusual punishment when they did not give him his bedding and warm clothing to wear in his segregation cell. Accordingly, Vaughn's complaint was premature, even if he was later able to exhaust his administrative remedies, and the Court must dismiss this action pursuant to 42 U.S.C. § 1997e(a). *Ford v. Johnson*, 363 F.3d at 398 ("Section 1997e(a) says that exhaustion must precede litigation"); *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d at 535 (A § 1983 suit filed by a prisoner before administrative remedies have been exhausted must be dismissed, even if the prisoner exhausts intra-prison remedies before judgment).

Because the Court is dismissing this action as indicated, it will not address the Defendants

7

alternate argument that Vaughn has not exhausted his administrative remedies on these claims because he did not pursue grievance appeals to the next level.

For the foregoing reasons, the court GRANTS the Defendants' motion for summary judgment [DE 72], and DISMISSES this cause of action without prejudice pursuant to 42 U.S.C. § 1997e.

SO ORDERED.

ENTERED: June 8, 2011

                                        /s/ JON E. DEGUILIO
                                        Judge
                                        United States District Court